**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| NITEK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LITE-ON TECHNOLOGY ) | Civil Action No. <u>6:21-cv-00794</u> |
| CORPORATION, LITE-ON ) | |
| TECHNOLOGY USA, INC., LITE-ON, ) | **JURY TRIAL DEMANDED** |
| INC., and LITE-ON TRADING USA, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**<u>COMPLAINT</u>**

Plaintiff Nitek, Inc. ("Nitek" or "Plaintiff"), for its Complaint against Defendants Lite-On

Technology Corporation, Lite-On Technology USA, Inc, Lite-On, Inc., and Lite-On Trading

USA, Inc. (collectively, "Defendants" or "Lite-On"), alleges as follows:

**<u>NATURE OF THE ACTION AND INTRODUCTION</u>**

1.      This is a civil action for patent infringement under the patent laws of the United

States, Title 35, United States Code, Section 271, et seq., involving United States Patent Nos.

8,304,756 (Exhibit A, "the '756 patent"), 8,354,687 (Exhibit B, "the '687 patent"), and

8,680,551 (Exhibit C, "the '551 patent") (collectively, "Asserted Patents") and seeking damages

and injunctive relief as provided in 35 U.S.C. §§ 281 and 283-285.

2.      Nitek brings this patent infringement action to protect its valuable patented

technology related to ultraviolet light-emitting diodes ("UV LEDs").

3.      A UV LED is a semiconductor device that converts electrical energy into

ultraviolet light.

4.     Ultraviolet light has many applications including optical sensors, disinfection, forensics, medical imaging, protein analysis, and polymer curing.

5.     UV LEDs have many advantages over conventional UV lamps, including lower energy consumption, longer lifetime, and smaller size.

## THE PARTIES

6.     Plaintiff Nitek, Inc. ("Nitek") is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business at 1000 Catawba Street Suite 150, Columbia, SC 29201. Nitek is the owner by assignment of the Asserted Patents.

7.     Defendant Lite-On Technology Corporation is a publicly held Taiwanese corporation, traded on the Taiwanese Stock Exchange. Its global headquarters is located in Taiwan, at 392 Ruey Kwang Road, Neihu, Taipei 114, Taiwan, R.O.C. Lite-On Technology Corporation is the parent company of a group of wholly-owned subsidiaries (collectively, the "Lite-On Group") that manufactures and markets UV LED products that are accused of infringement herein and are offered for sale, sold, and used in the United States, including in the State of Texas and this Judicial District, and sells, offers to sell, uses or imports within or into the United States, including in the State of Texas and this Judicial District, UV LED products made by processes that are accused of infringement herein.

8.     Defendant Lite-On Technology USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, part of the Lite-On Group, and a wholly-owned subsidiary of Lite-On Technology Corporation. Upon information and belief, Lite-On Technology USA, Inc. sells, offers for sale, and or uses in the United States, including in the State of Texas and this Judicial District, UV LED products that are accused of infringement herein manufactured by it and/or Lite-On Technology Corporation, and sells, offers to sell, uses,

or imports within or into the United States, including in the State of Texas and this Judicial District, UV LED products made by processes that are accused of infringement herein.

9.    Defendant Lite-On Technology USA, Inc. may be served through its registered agent for service of process, Incorporating Services, Ltd., 3500 S. Dupont Hwy., Dover, Delaware 19901.

10.    Defendant Lite-On, Inc. is a corporation organized and existing under the laws of the State of California, part of the Lite-On Group, and a wholly-owned subsidiary of Lite-On Technology USA, Inc., with its principal place of business at 720 S. Hillview Drive, Milpitas, CA 95035.

11.    Defendant Lite-On, Inc. is registered to do business in the State of Texas with a sales office within this Judicial District at 1826 Kramer Lane, Building A, Suite D, Austin, TX 78758.

12.    Upon information and belief, Defendant Lite-On, Inc. has offices in this Judicial District where it regularly sells, develops, and/or markets its products, including at the office in Austin.

13.    Defendant Lite-On, Inc. may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

14.    Defendant Lite-On Trading USA, Inc. is a corporation organized and existing under the laws of the State of California, part of the Lite-On Group, and is another wholly-owned subsidiary of Lite-On Technology USA, Inc., with its principal place of business at 720 S. Hillview Drive, Milpitas, California 95035 and offices in Austin, Houston and Plano Texas.

15.    Defendant Lite-On Trading USA, Inc. is registered to do business in the State of Texas and lists an office on its website an address within this Judicial District at 1826 Kramer

Lane, Building A, Suite D, Austin, TX 78758.

16.     Defendant Lite-On Trading USA, Inc. may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

17.     Defendants, each part of the Lite-On Group, are related entities that operate as part of a corporate group or common business enterprise consisting of a number of related subsidiaries that operate under the Lite-On brand and, individually or in concert and part of a joint enterprise with other constituents of the Lite-On Group, infringe the Asserted Patents by making, using, importing, offering for sale, and/or selling within or into the United States, including in the State of Texas and in this Judicial District, UV LED products that are accused of infringement herein, and selling, offering to sell, using, or importing within or into the United States, including in the State of Texas and in this Judicial District, UV LED products made by processes that are accused of infringement herein.

18.     Upon information and belief, Defendant Lite-On Technology Corporation has legal and effective control over Defendant Lite-On Technology USA, Inc. and other Lite-On Group subsidiaries, at least with respect to the subject matter of this Complaint.

19.     Upon information and belief, Defendant Lite-On Technology USA, Inc. has legal and effective control over Defendant Lite-On, Inc., Defendant Lite-On Trading USA, Inc., and other Lite-On Group subsidiaries.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

21.     On information and belief, jurisdiction and venue for this action are proper in this Judicial District.

4

22.    This Court has general and/or specific personal jurisdiction over Defendants at least because they (i) have a regular and established place of business in the State of Texas and this Judicial District; (ii) have purposefully availed themselves of the rights and benefits of the laws of the State of Texas and this Judicial District; (iii) have done and are doing substantial business in the State of Texas and this Judicial District, directly or through intermediaries, both generally and, on information and belief, with respect to the allegations in this Complaint, including their one or more acts of infringement in the State of Texas and this Judicial District, and including testing, demonstrating, selling, offering for sale, and/or importing products alleged to be infringing in this Complaint in the State of Texas and this Judicial District, and including selling, offering to sell, using, or importing into the State of Texas and this Judicial District products made by processes alleged to be infringing in this Complaint; (iv) maintain continuous and systematic contacts in the State of Texas and this Judicial District; (v) and/or place products and services alleged to be infringing in this Complaint, and/or made by processes alleged to be infringing in this Complaint, in the stream of commerce with awareness that those products are made, imported, sold, offered for sale, and/or used in the State of Texas and this Judicial District. Defendants have established sufficient minimum contacts with the State of Texas and this Judicial District such that they should reasonably and fairly anticipate being brought into court in the State of Texas and this Judicial District without offending traditional notions of fair play and substantial justice; and Defendants have purposefully directed activities at residents of the State of Texas and this Judicial District. Moreover, at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities. On information and belief, a substantial part of the events giving rise to Nitek's claims, including acts of patent infringement, have occurred in the State of Texas and this Judicial District.

23.     Venue is proper in this Judicial District as to Defendant Lite-On Technology Corporation under 28 U.S.C. § 1391(c)(3).

24.     Venue is proper in this Judicial District as to Defendants Lite-On Technology USA, Inc., Lite-On, Inc., and Lite-On Trading USA, Inc. under 28 U.S.C. § 1400(b) at least because, upon information and belief, they have committed acts of infringement and have a regular and established place of business in this Judicial District.

## JOINDER

25.     Joinder is proper under at least Federal Rule of Civil Procedure 20 and 35 U.S.C. § 299 at least because Defendants' infringing conduct alleged herein arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, offering to sell, selling, or importing within or into the United States products that are accused of infringement herein, and/or relating to the selling, offering to sell, using, or importing within or into the United States products that are made by processes accused of infringement herein, and questions of fact common to all Defendants will arise in this action.

## THE ASSERTED PATENTS

26.     Nitek is the lawful owner of all right, title, and interest in United States Patent entitled "Deep Ultraviolet Light Emitting Device and Method for Fabricating the Same" ("the '756 patent"), including the right to sue and to recover for any and all infringement thereof. The '756 patent was duly and legally issued on November 6, 2012, and names Asif Khan as the inventor. A copy of the '756 patent is attached hereto as Exhibit A.

27.     Nitek is the lawful owner of all right, title, and interest in United States Patent No. 8,354,687 entitled "Efficient Thermal Management and Packaging for Group III Nitride Based UV Devices" ("the '687 patent"), including the right to sue and to recover for any and all

infringement thereof. The '687 patent was duly and legally issued on January 15, 2013, and names Vinod Adivarahan, Qhalid Fareed, and Asif Khan as the inventors. On June 2, 2015, a certificate of correction was issued for the '687 patent. The certificate of correction replaced references to "$Al_{1-x-y}In_yGa_xN$ wherein $0<x\leqq1$, $0\leqq y\leqq1$" with "$Al_xIn_yGa_{1-x-y}N$ wherein $0<x\leqq1$, $0\leqq y\leqq1$, and $0<x+y\leqq1$." A copy of the '687 patent including the certificate of correction is attached hereto as Exhibit B.

28.     Nitek is the lawful owner of all right, title, and interest in United States Patent No. 8,680,551 entitled "High Power Ultraviolet Light Sources and Method of Fabricating the Same" ("the '551 patent"), including the right to sue and to recover for any and all infringement thereof. The '551 patent was duly and legally issued on March 25, 2014, and names Vinod Adivarahan, Qhalid Fareed, and Asif Khan as the inventors. A copy of the '551 patent is attached hereto as Exhibit C.

## BACKGROUND OF DEFENDANTS' INFRINGING CONDUCT

29.     Defendants are optoelectronic companies that make, use, sell, offer for sale, and/or import within or into the United States, or have otherwise made, used, sold, offered for sale, and/or imported within or into the United States UV LEDs, including UV LEDs designated by Defendants as LTPL-G35UV275GC-E and LTPL-C034UVH365.

30.     Defendants' products that infringe the Asserted Patents include at least the following UV LEDs: LTPL-G35UV275GC-E and LTPL-C034UVH365 ("Accused Products").

31.     Defendants have infringed and continue to infringe the Asserted Patents by making, using, selling, offering to sell, and/or importing within or into the United States, without license or authority, the Accused Products, and selling, offering for sale, using, and/or importing within or into the United States products made by, without license or authority, the Accused

Processes, as alleged herein.

32.    Defendants market, advertise, offer for sale, and/or otherwise promote Accused Products, and, on information and belief, do so to induce, encourage, instruct, and aid one or more persons in the United States to make, use, sell, and/or offer to sell Accused Products within the United States. For example, Defendants publish and distribute datasheets for the Accused Products, including the (1) "Specific Lighting Product Data Sheet LTPL-G35UV275GC-E" (Revision: E, November 12, 2020) for LTPL-G35UV275GC-E and (2) "Specific Lighting Product Data Sheet LTPL-C034UVH365" (Revision: C, September 3, 2019) for LTPL-C034UVH365, copies of which are attached hereto as Exhibits D and E, respectively. Therein, Defendants describe the Accused Products and the benefits and advantages provided by the Accused Products:

---

**1.  Description**

The LiteON LTPL-G35 UVC product series is a revolutionary, energy efficient light source for sterilization and medical application, combining the lifetime and reliability advantages of Light Emitting Diodes with the brightness of conventional light source. It gives you design freedom, and creating a new opportunity for solid state UVC light source to displace conventional UV technologies.

---

Ex. D, "Specific Lighting Product Data Sheet LTPL-G35UV275GC-E," p. 1 (Revision: E, November 12, 2020).

**1. Description**

The LiteON C03 UV Product series is a revolutionary, energy efficient light source for UV curing and common UV application, combining the lifetime and reliability advantages of Light Emitting Diodes with the brightness of conventional light source. It gives you design freedom, and creating a new opportunities for solid state UV light source to displace conventional UV technologies

Ex. E, "Specific Lighting Product Data Sheet LTPL-C034UVH365," p. 1 (Revision: C, September 3, 2019).

33.    Defendants also market, advertise, offer for sale, and/or otherwise promote

Accused Products on their website. *See* https://optoelectronics.liteon.com/en-global/Led/LED-Component/Detail/1117/0/0/18/222 (last accessed June 8, 2021); https://optoelectronics.liteon.com/en-global/Led/LED-Component/Detail/908/0/0/18/221 (last accessed June 8, 2021).

34.    Although Defendants have incorporated Nitek's patented UV LED technology as set forth in this Complaint, Defendants have no license to use the technology described and claimed in Nitek's Asserted Patents. Defendants' risk of infringement of the Asserted Patents was either known or was so obvious that it should have been known to Defendants. Notwithstanding this knowledge, Defendants have knowingly or with reckless disregard willfully infringed the Asserted Patents. Defendants have thus had actual notice of the infringement of the Asserted Patents and acted despite an objectively high likelihood that their actions constituted infringement, either literally or under the doctrine of equivalents.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,304,756

## EXEMPLARY CLAIM 32

35.    Nitek incorporates by reference the allegations contained in paragraphs 1 to 34 above.

36.    Defendants have made, used, offered for sale, sold, and/or imported products within or into the United States, including at least LTPL-G35UV275GC-E, that infringe, either literally or under the doctrine of equivalents, one or more claims of the '756 patent in violation of 35 U.S.C. § 271(a), including exemplary claim 32.

37.    LTPL-G35UV275GC-E comprises a light-emitting device, as shown in optical microscope images of an LTPL-G35UV275GC-E UV LED reproduced below.

 

38.    The light-emitting device of LTPL-G35UV275GC-E comprises (a) an ultraviolet light-emitting structure having (i) a first layer with a first conductivity, (ii) a second layer with a second conductivity; and (iii) a light emitting quantum well region between said first layer and second layer, as shown as shown in the images the transmission electron microscope ("TEM") images reproduced below.

 

39.    The light-emitting device of LTPL-G35UV275GC-E comprises (b) a first electrical contact in electrical connection with said first layer and (c) a second electrical contact in electrical connection with said second layer. The images below depict the LTPL-G35UV275GC-E before and after a pair of holes were milled using a focused ion beam (FIB). The top row are scanning electrode microscope images, with the last image depicting the layer structure of the device including a first electrical contact in electrical connection with the first layer having a first conductivity.). The bottom row are scanning electrode microscope images,

with the last image depicting the layer structure of the device including a second electrical contact in electrical connection with the second layer having a second conductivity.



40.    The light-emitting device of LTPL-G35UV275GC-E comprises (d) a template serving as a platform for said ultraviolet light-emitting structure, said template having (i) a first buffer layer, said buffer layer being trenched and being made of $Al_xIn_yGa_{1-x-y}N$, wherein $0<x\leqq1$, $0\leqq y\leqq1$ and $0<x+y\leqq1$, and (ii) a second buffer layer being coalesced over said first buffer layer, as shown in the TEM images and related energy dispersive spectroscopy ("EDS") data for the five exemplary EDS locations identified in the image below right are reproduced below. The lower dark areas in the TEM images below (and in the SEM image on the right in the bottom row above) show the trenched first buffer layer.



41.    On information and belief, with knowledge of the '756 patent, Defendants have willfully, deliberately, and intentionally infringed the '756 patent, and continue to willfully, deliberately, and intentionally infringe the '756 patent. On information and belief, Defendants had actual knowledge of the '756 patent and Defendants' infringement of the '756 patent at least as of the date of this Complaint. On information and belief, after acquiring that knowledge, Defendants directly and indirectly infringed the '756 patent as set forth above. On information and belief, Defendants knew or should have known that their conduct amounted to infringement of the '756 patent at least because Plaintiff notified Defendants of the '756 patent and their infringement of the '756 patent at least as of the date of this Complaint.

42.    Nitek is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

43.    On information and belief, Defendants will continue to infringe the '756 patent unless and until they are enjoined by this Court. Defendants, by way of their infringing activities, have caused and continue to cause Nitek to suffer damages in an amount to be determined, and have caused and are causing Nitek irreparable harm. Nitek has no adequate remedy at law against Defendants' acts of infringement and, unless they are enjoined from their infringement of the '756 patent, Nitek will continue to suffer irreparable harm.

44.    Nitek is entitled to recover from Defendants damages at least in an amount adequate to compensate for their infringement of the '756 patent, which amount has yet to be determined, together with interest and costs fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,354,687

## EXEMPLARY CLAIM 17

45.    Nitek incorporates by reference the allegations contained in paragraphs 1 to 44

above.

46.    Defendants have offered for sale, sold, used, and/or imported products within or into the United States, including at least LTPL-G35UV275GC-E, made by a process that infringes, either literally or under the doctrine of equivalents, one or more claims of the '687 patent in violation of 35 U.S.C. § 271(g), including exemplary claim 17.

47.    Upon information and belief, LTPL-G35UV275GC-E is formed by practicing a method for forming a light emitting diode comprising the steps of: forming a template; forming a first layer on said template wherein said first layer has a first conductivity and a composition comprising $Al_xIn_yGa_{1-x-y}N$ wherein $0<x\leqq1$, $0\leqq y\leqq1$, and $0<x+y\leqq1$; forming light emitting quantum well region above said first layer wherein said light emitting quantum well region has a composition comprising $Al_xIn_yGa_{1-x-y}N$ wherein $0<x\leqq1$, $0\leqq y\leqq1$, and $0<x+y\leqq1$; and forming a second layer over said light emitting quantum well with a second conductivity comprising $Al_xIn_yGa_{1-x-y}N$ wherein $0<x\leqq1$, $0\leqq y\leqq1$, and $0<x+y\leqq1$; forming a first-contact layer in electrical connection with said first layer; forming a second-contact layer in electrical connection with said second layer; providing a carrier wherein said carrier comprises a first contact zone and a second contact zone; and bonding said first contact zone to said first-contact layer and said second contact zone to said second contact layer.

48.    Upon information and belief, the LTPL-G35UV275GC-E is formed by practicing a method for forming a light emitting diode. The resulting light emitting diode is in the optical microscope images of an LTPL-G35UV275GC-E UV LED reproduced below.



49.    Upon information and belief, the method for forming LTPL-G35UV275GC-E further comprises the step of forming a template. The resulting template is shown in the TEM image reproduced below.



50.    Upon information and belief, the method for forming LTPL-G35UV275GC-E further comprises the step of forming a first layer on said template wherein said first layer has a first conductivity and a composition comprising $Al_xIn_yGa_{1-x-y}N$ wherein $0<x\leqq1$, $0\leqq y\leqq1$, and $0<x+y\leqq1$. The resulting layer is depicted in the TEM images below.

 

51.    Upon information and belief, the method for forming LTPL-G35UV275GC-E further comprises the step of forming a light emitting quantum well region above said first layer wherein said light emitting quantum well region has a composition comprising $Al_xIn_yGa_{1-x-y}N$ wherein $0<x\leqq1$, $0\leqq y\leqq1$, and $0<x+y\leqq1$. The resulting quantum well region is visible in the image above right above the first layer.

52.    Upon information and belief, the method for forming LTPL-G35UV275GC-E further comprises the step of, and forming a second layer over said light emitting quantum well with a second conductivity comprising $Al_xIn_yGa_{1-x-y}N$ wherein $0<x\leqq1$, $0\leqq y\leqq1$, and $0<x+y\leqq1$. The resulting second layer is visible in the images above located above the quantum well region.

53.    Upon information and belief, the method for forming LTPL-G35UV275GC-E further comprises the steps of forming a first-contact layer in electrical connection with said first layer, and forming a second-contact layer in electrical connection with said second layer. The scanning electron microscope images below depict the LTPL-G35UV275GC-E before and after a pair of holes were milled using a focused ion beam. The first row depicts a hole milled to expose the layer structure of the device, which includes a first-contact layer in electrical connection with the first layer. The second row depicts a hole milled to expose the layer structure of the device, which includes a second contact layer in electrical connection with the second layer.



54.    The method for forming LTPL-G35UV275GC-E further comprises providing a carrier wherein said carrier comprises a first contact zone and a second contact zone, and bonding said first contact zone to said first-contact layer and said second contact zone to said second contact layer. The images below were created using an optical microscope. The image below left depicts a light emitting diode deposed on a carrier. The images below center depicts the carrier after the light emitting diode was removed. And the image below right depicts the back surface of the light emitting diode following removal.



**Carrier**

55.    The faint rectangular regions visible on the left and right sides of the light emitting device in the image above right correspond to where the first and second zones of the carrier respectively were bonded to the light emitting device. The device was bonded to the first and second zones of the carrier prior to being removed from the carrier.

56.    On information and belief, with knowledge of the '687 patent, Defendants have willfully, deliberately, and intentionally infringed the '687 patent, and continue to willfully, deliberately, and intentionally infringe the '687 patent. On information and belief, Defendants had actual knowledge of the '687 patent and Defendants' infringement of the '687 patent at least as of the date of this Complaint. On information and belief, after acquiring that knowledge, Defendants directly and indirectly infringed the '687 patent as set forth above. On information and belief, Defendants knew or should have known that their conduct amounted to infringement of the '687 patent at least because Plaintiff notified Defendants of the '687 patent and their infringement of the '687 patent at least as of the date of this Complaint.

57.    Nitek is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

58.    On information and belief, Defendants will continue to infringe the '687 patent unless and until they are enjoined by this Court. Defendants, by way of their infringing activities, have caused and continue to cause Nitek to suffer damages in an amount to be determined, and have caused and are causing Nitek irreparable harm. Nitek has no adequate remedy at law against Defendants' acts of infringement and, unless they are enjoined from their infringement of the '687 patent, Nitek will continue to suffer irreparable harm.

59.    Nitek is entitled to recover from Defendants damages at least in an amount adequate to compensate for their infringement of the '687 patent, which amount has yet to be

determined, together with interest and costs fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,680,551

## EXEMPLARY CLAIM 1

60.     Nitek incorporates by reference the allegations contained in paragraphs 1 to 59 above.

61.     Defendants have made, used, offered for sale, sold, and/or imported products within or into the United States, including at least LTPL-C034UVH365, that infringe, either literally or under the doctrine of equivalents, one or more claims of the '551 patent in violation of 35 U.S.C. § 271(a), including claim 1.

62.     LTPL-C034UVH365 comprises a vertically conducting LED comprising in a layered arrangement: a metal p-contact; a highly thermally conductive submount on said metal p-contact, wherein said highly conductive submount has a thermal conductivity of at least 100 $W/m^0K$; a p-type layer on said thermally conductive submount, said p-type layer comprising $Al_{1-x-y}In_yGa_xN$ wherein $0 \leqq x \leqq 1$ and $0 \leqq y \leqq 1$; a quantum well layer on said p-type layer, said quantum well layer comprising $Al_{1-x-y}In_yGa_xN$ wherein $0 \leqq x \leqq 1$ and $0 \leqq y \leqq 1$; an n-type layer on said quantum well layer, said n-type layer comprising $Al_{1-x-y}In_yGa_xN$ wherein $0 \leqq x \leqq 1$ and $0 \leqq y \leqq 1$; a metal n-contact in electrical contact on said n-type layer; and an n-type contact layer on said metal n-contact; wherein said vertically conducting LED has a peak emission at 200-365 nm.

63.     LTPL-C034UVH365 comprises a vertically conducting LED, as shown in the optical microscope images of a LTPL-C034UVH365 UV LED reproduced below. The image below left shows the LED with two wires connected to the top surface. The image below right shows the back-surface of the device, which is a metal p-contact.



**Metal p-contact**

64.    The vertically conducting LED of LTPL-C034UVH365 further comprises highly thermally conductive submount on said metal p-contact, wherein said highly conductive submount has a thermal conductivity of at least 100 W/m°K. The submount includes material having a thermal conductivity higher than 100 watts per meter Kelvin.



65.    The vertically conducting LED of LTPL-C034UVH365 further comprises in a p-type layer on the thermally conductive submount. The image below left is a scanning electron microscope image created after a hole was milled into the device using a focused ion beam (FIB). The image shows the layer structure of the device as revealed by the FIB-milled hole. The image below right is a transmission electron microscope image of a slice of material from the device. Both images include, from bottom to top in relevant part, a p-type layer, a quantum well layer on the p-type layer, and an n-type layer on the quantum well layer. The p-type layer comprises

20

Al$_{1-x-y}$In$_y$Ga$_x$N wherein $0 \leqq x \leqq 1$ and $0 \leqq y \leqq 1$. The quantum well layer comprises Al$_{1-x-y}$In$_y$Ga$_x$N wherein $0 \leqq x \leqq 1$ and $0 \leqq y \leqq 1$. The n-type layer comprises Al$_{1-x-y}$In$_y$Ga$_x$N wherein $0 \leqq x \leqq 1$ and $0 \leqq y \leqq 1$.



66.    The vertically conducting LED of the LTPL-C034UVH365 also includes a metal n-contact in electrical contact on the n-type layer and an n-type contact layer on the metal n-contact. The images below were created of the same FIB-milled hole discussed in the preceding paragraph, with the left image created at a lower resolution than the right image.  Both images show how electrical contact is made to the n-type layer. An metal n-contact is provided in electrical contact on the n-type layer. In addition, an n-type contact layer is provided on the metal n-contact.



67.    According to its datasheet, the LTPL-C034UVH365 has a peak emission within the claimed range of 200-365 nm, including at 365 nm. Ex. E, "LED High Power C03 UV

Product Series Data Sheet LTPL-C034UVH365," pp. 3, 4 and 5 (Revision: C, September 3, 2019).

68.     On information and belief, with knowledge of the '551 patent, Defendants have willfully, deliberately, and intentionally infringed the '551 patent, and continue to willfully, deliberately, and intentionally infringe the '551 patent. On information and belief, Defendants had actual knowledge of the '551 patent and Defendants' infringement of the '551 patent at least as of the date of this Complaint. On information and belief, after acquiring that knowledge, Defendants directly and indirectly infringed the '551 patent as set forth above. On information and belief, Defendants knew or should have known that their conduct amounted to infringement of the '551 patent at least because Plaintiff notified Defendants of the '551 patent and their infringement of the '551 patent at least as of the date of this Complaint.

69.     Nitek is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

70.     On information and belief, Defendants will continue to infringe the '551 patent unless and until they are enjoined by this Court. Defendants, by way of their infringing activities, have caused and continue to cause Nitek to suffer damages in an amount to be determined, and have caused and are causing Nitek irreparable harm. Nitek has no adequate remedy at law against Defendants' acts of infringement and, unless they are enjoined from their infringement of the '551 patent, Nitek will continue to suffer irreparable harm.

71.     To the extent compliance was required, Nitek complied with 35 U.S.C. § 287. Neither Nitek nor any licensee of Nitek makes, offers for sale, or sells within the United States, or imports into the United States, or has ever made, offered for sale, or sold within, or imported into the United States, any unmarked article covered by the '551 patent.

72.     Nitek is entitled to recover from Defendants damages at least in an amount adequate to compensate for their infringement of the '551 patent, which amount has yet to be determined, together with interest and costs fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nitek requests that the Court enter judgment for Plaintiff Nitek and against Defendants Lite-On Technology Corporation, Lite-On Technology USA, Inc, Lite-On, Inc., and Lite-On Trading USA, Inc. as follows:

A.     A judgment that Defendants infringe the '756, '687, and '551 patents;

B.     A preliminary and permanent injunction restraining and enjoining Defendants, their officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, joint ventures, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from infringing the '756, '687, and '551 patents;

C.     An award of damages to Plaintiff Nitek arising from Defendants' past and continuing infringement up until the date Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

D.     A determination that Defendants' infringement of the '756, '687, and '551 patents has been willful, and an award of treble damages to Plaintiff Nitek pursuant to 35 U.S.C. § 284;

E.     A determination that this is an exceptional case and awarding Plaintiff Nitek's attorneys' fees pursuant to 35 U.S.C. § 285;

F.     An order awarding Plaintiff Nitek costs and expenses in this action;

G.     An order awarding Plaintiff Nitek pre- and post-judgment interest on its damages; and

H.    Such other and further relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

Plaintiff Nitek respectfully requests a jury trial on all issues so triable.

Respectfully submitted,

*/s/ Kevin S. Kudlac*
Kevin S. Kudlac
Radulescu LLP
100 Congress Avenue, Ste. 2000
Austin, TX 78701
Tel. 512-656-5743
kevin@radip.com

David C. Radulescu (*pro hac vice forthcoming*)
Etai Lahav (*pro hac vice forthcoming*)
Radulescu LLP
5 Penn Plaza, 19th Floor
New York, NY 10001
Tel. 646-502-5950
Fax. 646-502-5959
david@radip.com
etai@radip.com